IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LINDA CONE SELENSKY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 14-00062-CG-N |
| | ) | |
| STATE OF ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, filed a complaint (docs. 1), together with a motion to proceed without prepayment of fees (doc. 2).[1] This matter is before the undersigned Magistrate Judge for review pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(1). Local Rule 72.2(c)(1) provides for the automatic referral of a non-dispositive pretrial matter, such as plaintiff's motion to proceed without prepayment of fees, to a Magistrate Judge. The consideration of this motion requires the Magistrate Judge to screen plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002)(applying § 1915(e) to non-prisoner actions).[2] After

---

[1] Plaintiff states that she is residing in a tent at Meaher State Park but also provides a mailing address of 706 Branch Avenue, Whistler, AL 36612.

[2] Section 1915(e)(2)(B) provides:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> > (A) the allegation of poverty is untrue; or
> > (B) the action or appeal –

(Continued)

screening the complaint, it is recommended that, pursuant to § 1915(e)(2)(B)(ii), the action be dismissed for lack of subject matter jurisdiction.

I.      Background and Procedural History.

The present litigation was filed on February 14, 2014. (Doc. 1).  Plaintiff, Linda Selensky ("Selensky"), brings this action against the "State of Alabama (The System)" for "false imprisonment, civil rights violation, fraud and corruption." (*Id*. at 1, converted from uppercase in the original).  Selensky does not identify a single individual in connection with her claims or declare the basis on which she contends this Court has subject matter jurisdiction over her action.  She simply sets forth, in sum, the following as her "statement of my complaint":

> I was evicted from the places I lived, and both times I was put out on the street illegally.  I have been threatened by a judge [that] if I came into his court without an attorney I would be locked up.  My rights have been taken away by illegal means and I was imprisoned in jail for 35 days against my will, imposing large fines so I wasn't released until my court date.  I was brought into court in Shackles on charges that had been appealed and the judge stated that my time had been served.  Debtor's prison is being introduced into the system and people are being hurt by greed and abuse of power. My animals were at home without anyone to take care of them, the people in charge knew this.  I filled out inmates request forms everyday letting them know.  How can the courts and the police break the laws enforcing the law?  I was also incarcerated over night to remove me from my home after the 35 days I spent in jail which the sheriff's dept. drove me home.  After the over-night stay I was told not to go back home.  Six days

---

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

> later my house was burned and some of my animals were destroyed. Now I have a criminal record which is all bogus. The jurisdiction lies in the Federal District court and as long as this court denies their responsibility my life is in jeopardy and my health will continue to suffer. ***All the cases I have filed are all connected and should be decided by all the merits and hard work of a pro se attorney***. I have done the best I can.

(Doc. 1 at 2)(emphasis added). This is the fifth lawsuit filed by Selensky, proceeding *pro se*, in this Court. Each of the prior lawsuits was dismissed for lack of subject matter jurisdiction.

Selensky's first lawsuit was filed on April 7, 2006,[3] in connection with an on-the-job injury in 1999 for which she sought workers' compensation benefits in state court. She was given several opportunities to amend the complaint to correct the noted deficiency, namely that her complaint did not provide a jurisdictional basis with supporting facts and did not contain a short and plain statement showing that she was entitled to relief, but did not do so and her case was dismissed on June 12, 2006, for failure to establish subject matter jurisdiction. *See*, Selensky v. Mobile Infirmary, CA 06-0217-WS-M (S.D. Ala. June 12, 2006), hereafter referred to as "#06-217-WS." The Eleventh Circuit affirmed the dismissal of this first case, finding that neither complete diversity of citizenship nor a substantial issue of federal law were shown on the complaint. (Doc. 25 in #06-217-WS).

The second lawsuit was filed on April 2, 2008, against the State of Alabama, essentially seeking to overturn a state court decision related to her workers

---

[3] Selensky was given a *Pro Se Litigant Guide* to assist her when she filed this first case.

compensations claims at issue in her first lawsuit in this Court.  *See*, Selensky v. State of Alabama, CA 08-0173-WS-C (S.D. Ala. July 3, 2008)(Adopted Report and Recommendation and dismissed this action with prejudice for lack of subject matter jurisdiction and, in the alternative, as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i)), hereafter referred to as "#08-173-WS."  On May 8, 2009, the Eleventh Circuit affirmed the dismissal in this second case on the grounds that "Selensky's claims are barred by the Eleventh Amendment of the U.S. Constitution." (Doc. 17 in #08-173-WS).

Selensky filed a third lawsuit on September 10, 2009, against Judge Whiddon, Animal Control, Bayou Bend Apartments, LLC and Police Department of Mobile, which was also dismissed with prejudice for lack of subject matter jurisdiction.  *See*, Selensky v. Judge Whiddon, et al., CA 09-0592-CG-C (S.D. Ala. Nov. 13, 2009), hereafter referred to as "#09-592-CG."  This third lawsuit concerned actions taken by the defendants "in response to Selensky keeping animals in her apartment or to the number of animals being kept in her apartment, the conditions under which the animals are being kept, and the condition of her apartment," as well as the result of a court proceeding before defendant Whiddon related to her animals and certain unspecified but anticipated future court proceedings.  (Doc. 8 at 8 in #09-592-CG).  On June 24, 2000, the Eleventh Circuit affirmed the dismissal in this third lawsuit on the grounds that her complaint indeed "failed to establish subject-matter jurisdiction."  The Eleventh Circuit held that "[b]ecause her complaint does not establish that federal law creates a cause of action, or that her relief in the dispute over her cats and her pending eviction depend on the resolution of a question of federal law, federal question jurisdiction does not exist. (Doc.

22 at 3-4 in #09-592-CG).

Her fourth lawsuit was filed on January 22, 2010, against Judge Matthew Green, a part-time municipal judge in Mobile, Alabama, who presided over her eviction proceedings, and was subsequently dismissed without prejudice for lack of subject matter jurisdiction. *See*, Selensky v. Judge Matthew Green, CA 10-0041-WS-C (S.D. Ala. April 26, 2010), hereafter referred to as "#10-41-WS." This Court specifically found that it could discern no future problems with the defendant based on the eviction because Selensky had already been evicted from her apartment. (Doc. 5 at 8 in #10-41). Consequently, "future harm would be mere speculation and conjecture" and "there is not a present case or controversy to support the Court's subject matter jurisdiction over plaintiff's injunctive relief request." (*Id*.). No appeal was taken from the judgment in that case.

  II. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

This fifth action must also be reviewed under § 1915(e), which provides that "an *in forma pauperis* action or appeal shall be dismissed at any time if the Court determines that it fails to state a claim for which relief can be granted." McGuire v. Florida Lottery, 520 Fed.Appx. 850 (11th Cir. 2013), *citing* 28 U.S.C. § 1915(e)(2)(B)(ii).[4] "Section 1915 further provides 'the court shall dismiss the case at any time if the court determines that ... (B) the action or appeal –(i) is frivolous' …" *Id*., citing 28 U.S.C. § 1915(e)(2)(B)(i).

---

[4] The frivolity and the failure-to-state-a-claim analysis contained in Neitzke v. Williams, 490 U.S. 319 (1989), was unaltered when Congress enacted 28 U.S.C. § 1915(e)(2)(B) in 1996. *See* Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). However, dismissal is now mandatory under § 1915(e)(2)(B). *Id*. at 1348-49.

"A claim is frivolous if it is without arguable merit either in law or fact." *Id*., citing Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). *See also*, Nails v. Franklin, 279 Fed.Appx. 899, 901 (11th Cir. 2008)("[S]ection 1915, unlike Rule 12(b)(6), 'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.' "), *quoting*, Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, the claim seeks to enforce a right that clearly does not exist, or there is an affirmative defense which would defeat the claim, such as the statute of limitations, *res judicata*, collateral estoppel, or absolute immunity. *See*, Neitzke v. Williams, 490 U.S. 319, 327 (1989); Clark v. Georgia Pardons & Paroles Bd., 915 F.2d 636, 640 n.2 (11th Cir. 1990).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney. *See* Haines v. Kerner, 404 U.S. 519, 520 (1972); *see also* Diggs v. Shinseki, 2009 WL 3753999, * 1 (S.D. Ga. Nov. 09, 2009)(" Pleadings drafted by pro se litigants must be liberally construed."). However, a court, does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 701, 710 (11th Cir. 2010) (*relying* on Iqbal, 566 U.S. 662). Furthermore, a pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Hill v. Wal-Mart Stores, Inc., 510

Fed.Appx. 810, 812 (11th Cir. 2013), *quoting* Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

   III.   Analysis.

Selensky's present lawsuit is due to be dismissed on multiple grounds. First, Selensky names the State of Alabama as the sole defendant. (Doc. 1). This case is, therefore, indistinguishable from her previous case styled Selensky v. State of Alabama, CA 08-0173-WS-C (S.D. Ala. July 3, 2008), although the factual allegations encompass events transpiring after the Eleventh Circuit affirmed the dismissal of that action on grounds that Selensky's suit was prohibited by the Eleventh Amendment. The Eleventh Circuit specifically held in that prior case:

> Selensky's present suit names the State of Alabama as the sole defendant. The Eleventh Amendment prohibits suits in federal courts against a state, except where such immunity is waived by the state or abrogated by Congress. U.S. Const. amend. XI; *see* Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003). The State of Alabama has not agreed to be sued under the circumstances present here. The Alabama State Constitution provides "[t]hat the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. Art. I, § 14; *see also* Alabama v. Pugh, 438 U.S. 781, 782 [] (1978). Selensky has presented no evidence that Congress abrogated Alabama's Eleventh Amendment immunity over her present claims. Accordingly, we **AFFIRM** the district court's dismissal of this action.

Selensky v. Alabama, 322 Fed.Appx. 689 (11th Cir. 2009)(emphasis in original). Selensky has likewise failed to present any evidence that Alabama's Eleventh Amendment immunity over her present claims has been abrogated.

Second, Selensky has once again failed to specify a jurisdictional basis for her action, or plead facts that would reflect a federal cause of action. A federal court is a

7

court of limited jurisdiction. Kokkonen v. Guardian Life Ins., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, … and the burden of establishing the contrary rests upon the party asserting jurisdiction, …." Id. (citations omitted). A plaintiff invoking a federal court's jurisdiction must establish this jurisdiction in the complaint. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994) (requiring that not only must the jurisdictional provision be stated in the complaint, but facts "demonstrating the existence of jurisdiction" must be stated); Kirkland Masonry, Inc. v. Comm'r, 614 F.2d 532, 533 (5th Cir. 1980) (same).[5] Furthermore, a complaint fails to invoke the Court's jurisdiction when the complaint "is wholly insubstantial and frivolous." Southpark Square Ltd. v. City of Jackson, Miss., 565 F.2d 338, 341-42 (5th Cir.) (*quoting* Bell v. Hood, 327 U.S. 678, 681-82 (1946)), *cert. denied*, 436 U.S. 946 (1978).

This action is, therefore, due to be dismissed with prejudice both for lack of subject matter jurisdiction and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the sole defendant is immune from suit.

CONCLUSION

For the reasons set forth above, it is the recommendation of the undersigned that this action be **dismissed with prejudice** prior to service for lack of subject matter jurisdiction and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[5] The Eleventh Circuit in Bonner v. City of Pritchard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

## Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this  7th  day of April, 2014.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**